WO                                                                                        JL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Smith, | No.   CV 20-01323-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Unknown Schmidt, et al., | |
| Defendants. | |

On July 1, 2020, Plaintiff Albert Smith, who is confined in the Arizona State Prison Complex (ASPC)-Eyman, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis.  In a July 22, 2020 Order, the Court denied the deficient Application to Proceed with leave to refile within 30 days.

On August 4, 2020, Plaintiff filed a new Application to Proceed In Forma Pauperis (Doc. 6).  The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government

JDDL-K

1   agency to collect and forward the fees according to the statutory formula.

2   **II.    Statutory Screening of Prisoner Complaints**

3       The Court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or an officer or an employee of a governmental entity.  28

5   U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

6   has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

7   relief may be granted, or that seek monetary relief from a defendant who is immune from

8   such relief.  28 U.S.C. § 1915A(b)(1)–(2).

9       A pleading must contain a "short and plain statement of the claim *showing* that the

10  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

11  not demand detailed factual allegations, "it demands more than an unadorned, the-

12  defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

13  (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

14  conclusory statements, do not suffice."  *Id.*

15      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

16  claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

17  550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

18  that allows the court to draw the reasonable inference that the defendant is liable for the

19  misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

20  relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

21  experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

22  allegations may be consistent with a constitutional claim, a court must assess whether there

23  are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

24      But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

25  must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

26  (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent

27  standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

28  U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.     Complaint**

In his two-count Complaint, Plaintiff sues Deputy Wardens Schmidt and Kimble; Sergeants J. Davis and Munley; Correctional Officers (CO) III Guevarra, Silva, and M. De La Cruz; COs II Arnold and Williams; Central Classification Administrator Stacey Crabtree; Property Officer S. Gutierrez; and an Arizona Department of Administration (ADOA) Risk Management Officer. Plaintiff asserts claims of retaliation and loss of property. He seeks monetary and injunctive relief, as well as termination of employment and criminal prosecution of all Defendants.

In Count One, Plaintiff alleges that in March or April 2018, he was reclassified from level 5 maximum custody to level 4 close custody while he was housed in Special Management Unit (SMU)-I.[1] On May 25, 2018, Plaintiff was the victim of an assault by other prisoners. On June 2, 2018, Plaintiff began filing grievances regarding the assault, the "way [he] was being illegally held" in the mental health watch pod "for no reason," and the treatment he was receiving from officers.

Sometime in June 2018, Defendants Schmidt and Guevarra requested that Plaintiff "drop" his grievances and told him they would move him from the mental health watch pod to a close custody yard. Plaintiff told Defendants Schmidt and Guevarra that he would not drop his grievances and would "take them all the way to the top." Plaintiff continued to go through the grievance process and ultimately appealed to the Central Office. Following Plaintiff's appeal, Defendants Schmidt and Guevarra went to Plaintiff's cell and

---

[1] According to information available online, Plaintiff was reclassified from maximum custody to close custody on April 25, 2018 and reclassified to maximum custody on October 12, 2018. *See* https://corrections.az.gov/public-resources/inmate-datasearch (search by inmate number 197527) (last accessed Oct. 23, 2020).

told him to file all the grievances he wanted but they would never answer them and if they "ha[d] to," would leave him in the mental health watch pod with none of his property, phone calls, or visits until his release date.

On August 23, 2018, immediately after Plaintiff filed a civil complaint,[2] he was moved to the detention unit and placed on a 2-A investigation "without provocation" or having committed "any sort of" disciplinary infraction.  Plaintiff asked why "this" was happening, and Defendants Schmidt and Guevarra told Plaintiff, in the presence of non-parties SSU Officers and CO IV Stephans, that this is where they "house little babies" while they file grievances and lawsuits and that Plaintiff would be housed there until he rethought his decisions.

Sometime in 2019, while Plaintiff was still classified as close custody,[3] Defendants Silva, Kimble, Schmidt, and Crabtree "boosted" his classification and custody level to maximum custody, without filing a maximum custody placement packet or conducting a maximum custody placement hearing.[4]  Plaintiff was transferred to a maximum custody unit, where he immediately contacted non-party CO III Garcia.  CO III Garcia "noticed" that there was no maximum custody packet and there had been no hearing on Plaintiff's maximum custody placement.  Plaintiff also had been disciplinary-free since his custody level had been lowered to close custody in March or April 2018.  CO III Garcia contacted

---

[2] Presumably, Plaintiff is referring to another civil rights action he has pending in this Court, in which he has sued, among others, Defendants Kimble.  *See Smith v. Ryan*, CV 18-02657-PHX-MTL (ESW) (D. Ariz. 2018).  Plaintiff did not name any of the other Defendants in this case in CV 18-02657.

[3] Plaintiff's inmate record indicates he was reclassified to close custody on February 20, 2019 and reclassified to maximum custody on June 9, 2020.  *See* https://corrections.az.gov/public-resources/inmate-datasearch (search by inmate number 197527) (last accessed Oct. 23, 2020).

[4] Plaintiff's inmate record indicates he was charged with possession of a weapon, and on June 15, 2019, he was charged with aggravated assault on an inmate.  He was found guilty of the charges on July 31, 2019.  Meanwhile, on July 23, 2019, Plaintiff was charged with threatening or intimidating, for which he was found guilty on August 9, 2019.  Plaintiff was then charged with aggravated assault on staff, possession of a communication device, and threatening or intimidating, for which he was found guilty on August 22, 2019.  Each of these guilty findings were upheld on appeal.  *See* https://corrections.az.gov/public-resources/inmate-datasearch (search by inmate number) (last accessed Oct. 23, 2020).

1   the Central Office and was told to keep Plaintiff in maximum custody until he dropped the

2   civil lawsuit against the Director, Sergeants, and SSU staff.

3         As his injury, Plaintiff alleges he was subjected to a heightened level of security and

4   unreasonable danger and forced to live in complete fear amongst other prisoners who

5   exhibited violent, assaultive, and disruptive behavior.  Plaintiff asserts he was denied of

6   employment opportunities, contact visits, programs, and phone calls and suffered mental

7   and emotional stress as a result.

8         In Count Two, Plaintiff alleges that on August 5, while he was housed at ASPC-

9   Lewis following an incident in which Plaintiff allegedly assaulted an officer, Defendant

10  Gutierrez inventoried Plaintiff's property and delivered it to Defendant Davis.  Defendant

11  Davis also inventoried Plaintiff's property.  Defendants Gutierrez and Davis reviewed a

12  video that purportedly showed Plaintiff assault another officer and subsequently

13  "maliciously" destroyed Plaintiff's personal property.  Plaintiff claims Defendants

14  Gutierrez and Davis poured chili, beans, soda, and coffee all over his legal paperwork,

15  squirted shampoo and body wash all over his family photos and ripped the photos, and

16  smashed his television, headphones, and fan.  Defendant Gutierrez said to Plaintiff, "Eat

17  my pussy for a month and maybe I'll get you a new T.V." and blew kisses at Plaintiff.

18        Plaintiff was transported to Browning Unit, where Defendants Arnold and Williams

19  broke Plaintiff's CD player and then claimed it had been "altered."  Defendant Arnold cut

20  holes in Plaintiff's blankets, which he had apparently purchased, socks, and clothing and

21  then claimed Plaintiff was not allowed to have these items.  Defendants Arnold and

22  Williams then stole, lost, or destroyed a silver bracelet and "countless" other personal items

23  that were listed on Plaintiff's inventory list, including a legal box containing receipts and

24  proof of purchase for all his property, and claimed the property had never arrived.

25        Plaintiff submitted grievances regarding these events, and the Warden and Central

26  Office Director recommended that Plaintiff be reimbursed for all lost, stolen, or destroyed

27  property.  However, Defendants De La Cruz and ADOA Risk Management Officer have

28  refused to reimburse Plaintiff "on the basis that [Plaintiff has] 'no receipt.'"  Plaintiff

JDDL-K

claims this is "improper and in contradiction with" Department Order 909, which states that if a prisoner does not have receipts for property, the Grievance Coordinator or Risk Management shall make an effort to determine and document "this information" in the claim file.

Plaintiff alleges he is "only experiencing this treatment" in retaliation for allegedly assaulting an officer and due to previous lawsuits Plaintiff has filed against "one or more" of the named Defendants in this case.  Plaintiff claims that "it has been stated" that he should not have assaulted an officer and should not have filed lawsuits, or "none of this would have happened."  As his injury, Plaintiff alleges all his personal property was destroyed, causing him mental and emotional distress to the point that his blood pressure increased, and he required psychiatric treatment.  Plaintiff also suffered financial strain because he had to spend money to replace the lost and destroyed items without any reimbursement and "a great deal of humiliation."

## IV.  Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.  *Id*.

. . . .

## A.   Defendant Munley

Plaintiff does not connect any of the allegations in the Complaint to Defendant Munley, and this Defendant will therefore be dismissed.

## B.   Retaliation

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest").   The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff's allegations do not support a conclusion that any named Defendant took an adverse action against him *because of* any protected conduct by Plaintiff.  First, Plaintiff largely refers to groups of Defendants collectively, without any factual specificity as to what any particular Defendant did or failed to do.  For example, Plaintiff alleges, without asserting any specific facts, that Defendants Silva, Kimble, Schmidt, and Crabtree "boosted" his classification and custody level to maximum custody, without filing a maximum custody placement packet or conducting a maximum custody placement hearing.  Such vague and conclusory allegations are insufficient. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the

asserted constitutional right.'") (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

Plaintiff's disciplinary record, which includes several major disciplinary charges, such as assault and arson, suggests that keeping him in maximum custody advances a legitimate correctional goal.  Moreover, Plaintiff's claims that he was retaliated against for filing a lawsuit are belied by the fact that in his other pending lawsuit, Plaintiff named Defendant Kimble but none of the other Defendants named in Count One in the Complaint in this case.  Plaintiff has not alleged any facts to support a conclusion that any other named Defendant was even aware of his previous lawsuit, let alone that any Defendant took an adverse action against him because of the lawsuit.  In addition, the timing of the filing of his previous lawsuit and the timing of the alleged retaliation does not support a conclusion that any alleged adverse action was taken *because of* the lawsuit.  Plaintiff filed the lawsuit in CV 18-02657 in August 2018.  Plaintiff's inmate record indicates that he was *not* reclassified to maximum custody in 2019, as he claims.  Rather, Plaintiff was reclassified from maximum custody to close custody in February 2019, and he was not reclassified to maximum custody until June 2020.

Finally, Plaintiff does not allege that any allegedly retaliatory action chilled his exercise of his First Amendment rights or that he suffered more than minimal harm, and that the actions did not reasonably advance a legitimate correctional goal.  Indeed, after the alleged retaliation, Plaintiff continued to submit grievances and challenge his disciplinary convictions, and he filed this lawsuit.  As presented, Plaintiff has failed to state a retaliation claim in Count One, and this Count will be dismissed, as will Defendants Schmidt, Kimble, Crabtree, Silva, and Guevarra.

. . . .

1

## C.      Property

The Fourth Amendment does not protect an inmate from the seizure of his property. *Hudson v. Palmer*, 468 U.S. 517, 528 n.8 (1984); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (no Fourth Amendment claim arose from seizure, conversion, and destruction of inmate's assets).  Such a claim would arise, if at all, under the Due Process Clause of the Fourteenth Amendment.  However, the "Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  Even unauthorized and intentional deprivations of property do not constitute a violation of procedural requirements of the Due Process Clause if a meaningful post-deprivation remedy for the loss is available.  *Hudson*, 468 U.S. at 533.  The availability of a common-law tort suit against a state employee constitutes an adequate post-deprivation remedy.  *Id.* at 534-35. Moreover, Arizona provides a meaningful and adequate post-deprivation remedy through the prison grievance system, specifically Department Order 909(8.0).  *Dennison v. Ryan*, 522 F. App'x 414, 417-18 (9th Cir. 2013); *Aldrete v. Ariz. Dep't of Corr.*, 2011 WL 30959, at *7 (D. Ariz. Jan. 3, 2011); *see also Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (both state tort claims *and* prison grievance procedures provide adequate post-deprivation remedies).

The facts alleged by Plaintiff, at most, allege an intentional, unauthorized deprivation.  As discussed, such claims do not rise to the level of constitutional violation. The Court will therefore dismiss Count Two and Defendants Gutierrez, Davis, Arnold, Williams, De La Cruz, and ADOA Risk Management Officer.

## V.     Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss

1   this action without further notice to Plaintiff.

2       Plaintiff must clearly designate on the face of the document that it is the "First

3   Amended Complaint."   The first amended complaint must be retyped or rewritten in its

4   entirety on the court-approved form and may not incorporate any part of the original

5   Complaint by reference.  Plaintiff may include only one claim per count.

6       A first amended complaint supersedes the original Complaint.  *Ferdik v. Bonzelet*,

7   963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d

8   1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint

9   as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the

10  original Complaint and that was voluntarily dismissed or was dismissed without prejudice

11  is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693

12  F.3d 896, 928 (9th Cir. 2012) (en banc).

13  **VI.   Warnings**

14      **A.   Release**

15      If Plaintiff is released while this case remains pending, and the filing fee has not

16  been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

17  that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

18  (2) file a <u>non</u>-prisoner application to proceed in forma pauperis.  Failure to comply may

19  result in dismissal of this action.

20      **B.   Address Changes**

21      Plaintiff must file and serve a notice of a change of address in accordance with Rule

22  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

23  relief with a notice of change of address.  Failure to comply may result in dismissal of this

24  action.

25      **C.   Possible "Strike"**

26      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff

27  fails to file an amended complaint correcting the deficiencies identified in this Order, the

28  dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

JDDL-K

Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

      **D.**    **Possible Dismissal**

      If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

      (1)    Plaintiff's Application to Proceed In Forma Pauperis (Doc. 6) is **granted**.

      (2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

      (3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

      (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

. . . .

. . . .

. . . .

. . . .

. . . .

JDDL-K

1       (5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a

2  civil rights complaint by a prisoner.

3       Dated this 30th day of October, 2020.

Michael T. Liburdi
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

<u>Phoenix & Prescott Divisions</u>:  **OR**  <u>Tucson Division</u>:
U.S. District Court Clerk                      U.S. District Court Clerk
U.S. Courthouse, Suite 130              U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10   405 West Congress Street
Phoenix, Arizona   85003-2119           Tucson, Arizona   85701-5010

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name:   _____
Address:_____
            Attorney for Defendant(s)

_____
(Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.   <u>Your Name</u>.   Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   <u>Defendants</u>.   If there are **four or fewer** defendants, print the name of each.   If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.   Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   <u>Jury Demand</u>.   If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."   Failure to do so may result in the loss of the right to a jury trial.   A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."   If you mark "other," identify the source of that authority.

2.   <u>Location</u>.   Identify the institution and city where the alleged violation of your rights occurred.

3.   <u>Defendants</u>.   Print all of the requested information about each of the defendants in the spaces provided.   If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.   If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,

(Full Name of Plaintiff)


Plaintiff,

v.

(1) _____ ,

(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____

(To be supplied by the Clerk)

### CIVIL RIGHTS COMPLAINT
### BY A PRISONER

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.  The  first  Defendant  is  employed
as: _____ at_____.
               (Position and Title)                              (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
as: _____ at_____.
               (Position and Title)                              (Institution)

3.   Name of third Defendant: _____.  The  third  Defendant  is  employed
as: _____ at_____.
               (Position and Title)                              (Institution)

4.   Name of fourth Defendant: _____.  The  fourth  Defendant  is  employed
as: _____ at_____.
               (Position and Title)                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?         ☐ Yes         ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    b.   Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    c.   Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities     ☐ Mail     ☐ Access to the court    ☐ Medical care
☐ Disciplinary proceedings   ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?              ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
    _____.

3

**COUNT II**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities          ☐ Mail             ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at
      your institution?                                                      ☐ Yes      ☐ No
  b.   Did you submit a request for administrative relief on Count II?        ☐ Yes      ☐ No
  c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes      ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
      did not.   _____
      _____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**

    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No

    b.   Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No

    c.   Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No

    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____         _____
                                DATE                                     SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)


_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.